UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IVAN TEJADA, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>ZOOMINFO TECHNOLOGIES, INC., HENRY SCHUCK, and M. GRAHAM O'BRIEN,<br>Defendants. | Case No. 26-cv-05696<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT LEAD PLAINTIFF AND APPROVE SELECTION OF COUNSEL |

## I. INTRODUCTION

On June 25, 2026, Plaintiff Ivan Tejada filed a class action complaint on behalf of himself and all others similarly situated against Defendants ZoomInfo Technologies, Inc. ("ZoomInfo"), Henry Schuck, and M. Graham O'Brien. Plaintiffs allege that Defendants violated the Securities and Exchange Act of 1934 ("1934 Act") and related Securities and Exchange Commission ("SEC") regulations when they made materially false and misleading statements and omissions about ZoomInfo's financial status.

The Private Securities Litigation Reform Act ("PSLRA") requires that putative class plaintiffs move for appointment as lead plaintiff and to appoint class counsel. 15 U.S.C. § 78u-4(a)(3). Here, only one Plaintiff filed such a motion. Dkt. 11. Plaintiff Nova Scotia Health Employees' Pension Plan ("NSHEPP") meets the PSLRA's requirements for lead plaintiff. The defendants do not oppose NSHEPP's appointment. Dkt. 19. Thus, NSHEPP's motion for appointment as lead plaintiff and to approve selection of class counsel is GRANTED.

## II. BACKGROUND

This putative securities class action is brought against Defendant ZoomInfo Technologies Inc. and two of its executive officers, Defendants Henry Schuck and M. Graham O'Brien, on behalf of investors who purchased or otherwise acquired ZoomInfo securities between November 3, 2025 and May 11, 2026. Dkt. 1 ¶¶ 1, 12–14, 55. The putative class members bring claims for violating Section 10(b) and 20(a) of the 1934 Act and SEC Rule 10b-5. *Id.* ¶¶ 7, 61–76. As alleged in the complaint, ZoomInfo, a Delaware corporation with its principal executive offices located in Vancouver, Washington, "provides go-to-market intelligence and [an] engagement platform for sales, marketing, operations, and recruiting professionals" and a cloud-based platform that "help[s] users identify customers and engage prospects." *Id.* ¶ 19, *see also id.* ¶ 12.

The Plaintiffs are investors who acquired ZoomInfo securities during the Class Period. *Id.* ¶¶ 1, 55. The Class Period begins on November 3, 2025, the day ZoomInfo published its 2025 third quarter financial results, and encompasses ZoomInfo's 2025 fourth-quarter and full-year financial results, which were announced on February 9, 2026. *Id.* ¶¶ 1, 20, 28–30. Plaintiffs allege that, throughout the class period, Defendants made materially false or misleading public statements regarding revenue growth and the company's customer base in press releases, in earnings calls, and at conferences. *See id.* ¶ 20–33. For example, Plaintiffs challenge Defendants'

representations that they felt "good about the new products driving better retention," *id.* ¶ 24; the company saw "largely neutral trends" in seat licenses, *id.* ¶ 27; and AI solutions were "driving stronger daily engagement from a diverse set of go-to-market personas," *id.* ¶ 22.

After the market closed on May 11, 2026, ZoomInfo published its 2026 first quarter financial results, which reduced revenue guidance. *Id.* ¶ 34. In the accompanying earnings call, Defendant Schuck acknowledged ZoomInfo's regression in growth amid "AI and agentic confusion" and that the Company was laying off a significant portion of its workforce. *Id.* ¶ 35.

Following the May 11 news, the price of ZoomInfo common stock fell from a closing market price of $6.04 per share on May 11th to $4.06 per share on May 12th. *Id.* ¶ 5, 39. Plaintiffs sued Defendants on June 25, 2026, alleging that ZoomInfo's omissions and misstatements constitute violations of Sections 10(b) and 20(a) of the 1934 Act and SEC Rule 10b-5. *See* Dkt. 1. That same day, Plaintiffs published notice of the suit in the Globe Newswire. *See* Dkt. 12-2 at 1–2.

Following the notice, Plaintiff NSHEPP moved to be appointed lead plaintiff in the case. *See* Dkt. 11. Plaintiff's motion was made in accordance with the PSLRA appointment process. The movant provided the court with the necessary information to determine that they are the appropriate lead plaintiff. *See id.* The motion is ripe and ready for the Court's consideration.

## III. LEGAL STANDARD

The PSLRA governs the procedure for selection of lead plaintiff in all private class actions under the 1934 Act. 15 U.S.C. § 78u-4(a)(3). The PSLRA instructs courts to select as lead plaintiff the plaintiff "most capable of representing the interests of class members." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)). The most adequate plaintiff—the lead plaintiff—is "the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *Id.*

Under the lead plaintiff provision, any member of the putative class may move for appointment as lead plaintiff. The PSLRA "provides a simple three-step process for identifying the lead plaintiff." *Id.* First, the pendency of the action, the claims made, and the purported class period must be publicized in a "widely circulated national business-oriented publication or wire service." *Id.* (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)). No later than sixty days after the notice is published, any potential lead plaintiff must move the court to be appointed lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Second, the court must identify the presumptive lead plaintiff. *Cavanaugh*, 306 F.3d at 729–30. The court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Id.* at 730. The PSLRA establishes a rebuttable presumption for lead plaintiff in favor of the investor that (1) "has either filed the complaint or made a motion in response to" the required notice; (2) "has the largest financial interest in the relief sought by the class"; and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The court must then determine whether that party, based on the information provided in the pleadings and declarations, satisfies the requirements of Rule 23(a), "in particular those of 'typicality' and 'adequacy.'" *Cavanaugh*, 306 F.3d at 730.

Third, other plaintiffs may "rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). Unless another plaintiff provides proof that the presumptive plaintiff "will not fairly and adequately protect the interests of the class[] or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class," the court must appoint the presumptively most adequate plaintiff as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

## IV. DISCUSSION

### A. Step One: The notice requirements have been satisfied.

To start, the Court must consider whether notice was adequate. The PSLRA requires that, no later than 20 days after the complaint is filed, the plaintiff(s) publish a notice advising members of the class of the action. 15 U.S.C. § 78u-4(a)(3)(A)(i). Any plaintiff interested in leading the class must then move the court to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). They must do so no later than sixty days after the notice is published. *Id.*

Here, the notice requirements have been met. The same day the complaint was filed, notice of the suit was published in the Globe Newswire. Dkt. 12-2. The notice announced to "[a]ll persons or entities who purchased or otherwise acquired securities of ZoomInfo Technologies Inc. . . . (NASDAQ: GTM) between November 3, 2025 and May 11, 2026, inclusive," that they "ha[d] until August 24, 2026 to request that the Court appoint [them] as lead plaintiff." *Id.* at 1–2 (emphasis omitted). NSHEPP filed its motion before the sixty-day cutoff. Dkt. 11.

The Court finds that this class action was properly noticed on June 25, 2026, Dkt. 12-2, and that NSHEPP's motion to be appointed as lead plaintiff was timely filed under the deadlines imposed by the PLSRA, *see generally* Dkt 11. 15 U.S.C. § 78u-4(a)(3)(A)(i). The movant has therefore met the statutory notice requirements.

### B. Step Two: The presumptive lead plaintiff is Nova Scotia Health Employees' Pension Plan.

The Court moves to the second step of the analysis: identifying the presumptive lead plaintiff. Under the PSLRA, the presumptive lead plaintiff is the plaintiff who filed the complaint or moved to be lead plaintiff, has the "largest financial interest in relief sought by the class," and otherwise satisfies Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The only movant for appointment as Lead Plaintiff is NSHEPP. According to the evidence submitted in conjunction with its motion, NSHEPP's estimated losses totaled $470,032, representing 156,900 purchased and retained shares with net funds expended of $971,430. Dkt. 12-1. Given the substantial losses experienced by NSHEPP and the lack of any competing applications for lead plaintiff, the Court appoints NSHEPP as Lead Plaintiff. *See Garber v. Juniper Networks, Inc.*, No. C06-04327, 2006 WL 3365547, at *1–2 (N.D. Cal. Nov. 20, 2006) (appointing sole remaining movant as lead plaintiff because it sustained substantial losses and satisfied all statutory requirements).

**C. Step Three: The other movants have not challenged NSHEPP's presumptive status.**

Parties can rebut the "most adequate plaintiff" presumption with "proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff . . . [w]ill not fairly and adequately protect the interests of the class[] or . . . [i]s subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, no one has challenged NSHEPP's status as the presumptive lead plaintiff, and the defendants filed a statement that they do not oppose NSHEPP's appointment as such. Dkt. 19. Accordingly, NSHEPP's motion for appointment as lead plaintiff is GRANTED.

**D. NSHEPP's counsel is appointed as lead counsel.**

Under the PSLRA, "the lead plaintiff has the right, subject to court approval, to 'select and retain counsel to represent the class.'" *Wong v. Arlo Techs., Inc.*, 2019 WL 2010706, at *2 (N.D. Cal. May 6, 2019) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(v)); *see also Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff."). The court "should not reject a lead plaintiff's proposed counsel merely because it would have chosen

differently." *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.* at 712 (citations omitted).

NSHEPP has chosen Pomerantz LLP for the putative class. Dkt. 11 at 1. The declaration submitted regarding NSHEPP's choice of Pomerantz LLP explains that the firm has litigated many complex securities cases as well as a variety of other complex class actions. *See generally* Dkt. 12-4. The same is true for Badgley Mullins Turner PLLC, the NSHEPP's choice for liaison counsel. *See generally* 12-5. No objections have been raised concerning either's qualifications to serve. Accordingly, the Court will appoint Pomerantz LLP as Lead Counsel and Badgley Mullins Turner PLLC as Liaison Counsel for the putative class.

## V. CONCLUSION

**WHEREAS**, the Court has considered the motion for appointment as Lead Plaintiff and approval of selection of Lead Counsel (Dkt. 11),

**IT IS HEREBY ORDERED THAT:**

1. Having reviewed the motion and Defendants' non-opposition, the Court hereby appoints NSHEPP as Lead Plaintiff pursuant to § 21D(a)(3)(B)(i) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(i). NSHEPP satisfies the requirements for appointment as Lead Plaintiff pursuant to PSLRA § 21D(a)(3)(B)(iii), 15 U.S.C. § 78u-4(a)(3)(B)(iii).

2. Lead Plaintiff, pursuant to § 21D(a)(3)(B)(v) of the PSLRA, has selected and retained Pomerantz LLP as Lead Counsel and Badgley Mullins Turner PLLC as Liaison Counsel for the Class in the Action, and its selection is hereby approved.

3. Lead Counsel shall have the following primary responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

a. to oversee, coordinate, and conduct the preparation of all pleadings;

b. to oversee, coordinate, and conduct the briefing and argument of motions;

c. to oversee, coordinate, and conduct discovery and discovery-related proceedings;

d. to oversee, coordinate, and conduct examination of witnesses in depositions;

e. to select counsel to act as a spokesperson at pretrial conferences;

f. to oversee, coordinate, and conduct all settlement negotiations with counsel for Defendants;

g. to oversee, coordinate, and conduct the preparation for trial and the trial of this matter;

h. in fulfilling these responsibilities, to delegate work to selected supporting counsel as may be required;

i. to supervise any other matters concerning the prosecution, resolution, or settlement of this Action, including but not limited to any bankruptcy proceedings by ZoomInfo Technologies Inc. or other Defendants; and

j. to call meetings of and otherwise coordinate with the plaintiffs' counsel in any related actions as Lead Counsel deems necessary and appropriate.

4. No complaint, motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs, nor any expansion or alteration of the class period attempted by any plaintiffs, without the approval of Lead Counsel, so as to

prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Counsel.

5. Counsel in any related action that is consolidated with this Action shall be bound by this organization of plaintiffs' counsel. No competing or tag-along class actions shall be filed attempting to evade this organization of plaintiffs' counsel.

6. Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices, as needed.

7. Lead Counsel shall be the contact between plaintiffs' counsel and shall direct and coordinate the activities of plaintiffs' counsel.

8. Defendants shall effect service of papers on plaintiffs by serving a copy of same on Lead Counsel by overnight mail service, electronic or hand delivery, or ECF. Plaintiffs shall effect service of papers on Defendants by serving a copy of same on Defendants' counsel by overnight mail service, electronic or hand delivery, or by ECF on counsel for registered parties.

9. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant, or which may lead to the discovery of information relevant, to the subject matter of the pending litigation.

**IT IS SO ORDERED.**

Dated this 21st day of September, 2026.

Tiffany M. Cartwright
United States District Judge